# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CINDY SIMCOX, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **Case No.:** |
| ) | |
| UNITED COLLECTIONS BUREAU, ) | **COMPLAINT AND DEMAND FOR** |
| INC., ) | **JURY TRIAL** |
| ) | |
| Defendant ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

CINDY SIMCOX ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against UNITED COLLECTIONS BUREAU, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Further, this court has supplemental jurisdiction over Plaintiff's State Common Law claims pursuant to 28 U.S.C. §1367(a).

4. Defendant has an office and conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Mill Hall, Pennsylvania 17751.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

9. Defendant is a debt collection company with its principal office located at 5620 Southwyck Boulevard, Toledo, Ohio 43614.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in its attempts to collect a consumer debt.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. At all relevant times herein, Defendant was attempting to collect an alleged consumer debt and contacted Plaintiff in its attempts to collect that debt.

13. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly an obligation owed by her could have only arisen from a financial obligation primarily for personal, family, or household purposes.

14. Beginning in or around early April 2015, and continuing through late June 2015, Defendant repeatedly contacted Plaintiff on her cellular telephone, calling on average two (2) to three (3) times each day.

15. Upon initial communication, one of Defendant's collectors, "Mark", identified its company's name and requested Plaintiff's name, address, phone number, and Social Security number.

16. Plaintiff confirmed her name as Defendant requested, but refused to provide the additional address, phone number, and Social Security information as she was concerned about her privacy.

17. In the parties' initial communication, and in each subsequent communication, Defendant claimed that its calls were from a law firm, which caused Plaintiff to become anxious and worried.

18. Defendant is not and was not calling from a law firm, but represented itself in an attempt to coerce information and payment from Plaintiff.

19. On June 15, 2015, Plaintiff requested all communication to her cellular telephone to cease immediately.

20. Defendant responded that it could "call [her] any time [it] want[ed] to and [she] can't stop [them]."

21. Defendant proceeded to call Plaintiff five (5) times in succession.

22. Additionally, on occasions Plaintiff would hang up on Defendant, but Defendant would immediately call her back which was annoying and frustrating to Plaintiff.

23. Further, Defendant threatened to take legal action against Plaintiff by filing a lawsuit; however, upon information and belief, Defendant did not intend to take the threatened action and mad such threats to cause fear and apprehension in Plaintiff believing that it would cause her to make payment on the alleged debt.

24. Finally, within five (5) days of its initial contact with Plaintiff, Defendant failed to send written notification of her rights to dispute the debt and/or

to request verification of the debt, as well as providing her with the amount of the debt and the name of the original creditor.

**DEFENDANT VIOLATED THE
FAIR DEBT COLLECTION PRACTICES ACT**

**COUNT I**

25. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

    a. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any debt.

    b. Section 1692d(5) of the FDCPA prohibits a debt collector from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

    c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by placing repeated and unwanted calls to Plaintiff's cellular telephone , calling as frequently as two (2) to three (3) times a day; and when it continued to call Plaintiff after being advised to stop.

- 5 -

PLAINTIFF'S COMPLAINT

# COUNT II

26. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

   a. A debt collector violates § 1692e of the FDCPA by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

   b. A debt collector violates § 1692e(3) of the FDCPA by false representing or implying that any individual is an attorney or that any communication is from an attorney.

   c. A debt collector violates § 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

   d. A debt collector violates § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect any debt or to obtain information concerning a consumer.

   e. Here, Defendant violated §§ 1692e and 1692e(10) of the FDCPA by threatening to take legal action against Plaintiff when it did not intend to take such action.

   f. Also, Defendant violated § 1692e and § 1692e(3) of the FDCPA by contacting Plaintiff and stating or implying that

Defendant was calling from an attorneys' office.

## COUNT III

27. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

    a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b. Here, Defendants violated § 1692f of the FDCPA by continuing to contact Plaintiff absent consent, when it told her that it would continue to call her and failing to update its records to stop the calls to Plaintiff.

## COUNT VI

28. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a).

    a. A debt collector violates § 1692g(a) of the FDCPA by failing within five days after the initial communication with a consumer in connection with the collection of a debt, to send written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, the manner in which to dispute the debt, and that if the debt is disputed, that the debt

        collector will obtain verification of the debt, and information to Plaintiff on how to dispute the debt.

   b.    Defendant violated § 1692g(a) of the FDCPA when it failed to provide any written notification or any information in writing to Plaintiff in regards to the alleged debt within five days of its initial contact with the Plaintiff, including how to dispute the debt or obtain verification of the debt, in violation of the FDCPA.

WHEREFORE, Plaintiff, CINDY SIMCOX, respectfully prays for a judgment as follows:

   a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

   b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

   f.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CINDY SIMCOX, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 09/11/15  By:*/s/ Craig Thor Kimmel*
 CRAIG THOR KIMMEL
 Attorney ID No. 57100
 Kimmel & Silverman, P.C.
 30 E. Butler Pike
 Ambler, PA 19002
 Phone: (215) 540-8888
 Fax: (877) 788-2864
 Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT